JOURNAL ENTRY and OPINION
{¶ 1} Petitioner-appellant appeals from a common pleas court order denying her motion for a domestic violence civil protection order. She contends, first, that the court erred by improperly granting respondent-appellee's motion to dismiss her petition, and second, that the court erred by failing to draw an adverse inference from appellee's refusal to testify based on his fifth amendment rights. Respondent-appellee cross-appeals from the court's denial of his motion and renewed motion to dismiss the petition and to vacate the ex parte protection order and his motion for relief from judgment or to modify the court's judgment entry. We find no error in the proceedings below and affirm the common pleas court's judgment.
 Procedural History {¶ 2} Petitioner filed her petition for a domestic violence civil protection order on May 16, 2003, seeking protection for herself and her minor child. She alleged that respondent, the child's father, had made repeated threats of violence which placed her and her son in imminent fear for their safety and well-being. The court issued an ex parte protection order on May 19, 2003, and scheduled the matter for a full hearing on June 2, 2003.
 {¶ 3} The hearing on the petition began on June 2, 2003 and was continued to July 16, 2003. The July 16 date was continued to August 4, 2003 at petitioner's request. On July 18, 2003, respondent moved the court to dismiss the petition and to vacate the ex parte protection order on the ground that he had not received the statutorily mandated full hearing within ten days after the ex parte order was entered.
 {¶ 4} The hearing continued on August 4 and 5, 2003. The magistrate heard testimony from police officer Kurt Bunner, petitioner, her mother and her neighbor. Respondent was called to testify as if on cross-examination, but refused to testify based upon his fifth amendment privilege against self-incrimination.
 {¶ 5} On August 25, 2003, the magistrate issued a decision, finding that petitioner had failed to prove by a preponderance of the evidence that respondent committed acts of domestic violence. Although "Respondent screamed horrific vulgarities and insults to the Petitioner in front of the child," and "threatened to `take [Petitioner] down, `take you all down,' or other similar statements," he had never been physically violent toward her or the child.
 {¶ 6} The magistrate found that respondent's verbal and emotional abuse of petitioner did not rise to the level of a threat of physical harm. Therefore, the magistrate determined that the petition should be denied and the ex parte order should be dissolved. The court immediately entered interim judgment pursuant to Civ.R. 53(E)(4)(c), adopting the magistrate's decision, denying petitioner's request for a civil protection order, and dissolving the existing protection order.
 {¶ 7} Petitioner filed preliminary objections to the magistrate's decision on September 8, 2003 and requested an extension of time to file supplemental objections once a transcript of the proceedings was prepared. On its own motion, the court extended the interim judgment to October 20, 2003. After petitioner sought and obtained two additional extensions of time to file supplemental objections, the court determined that its interim orders had expired and "as a matter of law the ex parte order of 5-16-03 is in effect until the objections are filed and ruled upon." Respondent moved the court to correct this entry to reinstate the interim order, arguing that the interim order should have been continued in full force and effect each time a request for an extension of time was granted. He subsequently renewed this motion and the motion to dismiss the petition. The court denied all of these motions on April 13, 2004. In a separate order entered on that same date, the court overruled both parties' objections to the magistrate's decision and adopted that decision in its entirety.
 {¶ 8} The parties filed separate appeals from the court's decision. This court consolidated the appeals, sua sponte.
 Law and Analysis {¶ 9} R.C. 3113.31 governs the proceedings on a petition for a civil protection order. That statute vests the domestic relations division of the common pleas court with jurisdiction over proceedings for civil protection orders.
 {¶ 10} The statute itself does not describe the burden of proof required to obtain a protective order. However, the Ohio Supreme Court has determined that, "when granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. R.C. 3113.31(D)." Felton v. Felton, 79 Ohio St.3d 34,42, 1997-Ohio-302.
 {¶ 11} R.C. 3113.31(A)(1) defines domestic violence as "the occurrence of one or more of the following acts against a family or household member:
 {¶ 12} "(a) Attempting to cause or recklessly causing bodily injury;
 {¶ 13} "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section2903.211 or 2911.211 of the Revised Code;
 {¶ 14} "(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031
[2151.03.1] of the Revised Code."
 {¶ 15} Appellant and appellee were never married. Nevertheless, appellant and her child are considered to be "family or household members" of appellee because appellant and appellee are the natural parents of the child. R.C. 3113.31(A)(3)(a)(ii) and (b).
 {¶ 16} The record reflects no events in which appellee attempted to cause actual physical harm to appellant or the child. Therefore, the only theory at issue here was that threats of force placed appellant and the child in fear of imminent serious physical harm.
 {¶ 17} Appellant claims that she demonstrated by a preponderance of the evidence that appellee verbally threatened her, placing her in reasonable fear of serious physical harm. The magistrate concluded that:
 {¶ 18} "[A]lthough Respondent's words and actions, especially considering he chose to do these things in front of the child, may well have been profoundly upsetting and even frightening to Petitioner and the child. However, they do not rise to the level of threats as defined in the statute. The Magistrate finds that such threats as `I'm going to take you down,' `I'm going to take your whole family down' and `I'm done playing nice with you. From now on you better look over your shoulder every minute of your life,' may be intimidating, loutish, immature and obnoxious. However, when taken in the context of an on-going custody dispute and said by a man who demonstrates a history of high-decibel vulgarity and bullying, these statements do not place another by threat of force in fear of imminent serious physical harm."
 {¶ 19} Threats to "take you down" and a warning that "from now on you better look over your shoulder" do not create a reasonable fear of imminent serious physical harm. Neither of these statements threaten any immediate action. Nor do they threaten appellant or the child with physical harm. While these statements were vaguely threatening, they were not threatening in a way that the statute prohibits. Therefore, the trial court did not err by finding that appellee's threats did not create a reasonable fear of imminent serious physical harm.
 {¶ 20} Appellant also complains that the trial court erred by failing to draw a negative inference from appellee's refusal to testify based upon the Fifth Amendment. While we agree that the court could have drawn a negative inference from appellee's refusal to testify, the court was not required to do so. See, e.g., Baxter v. Palmigiano (1976), 425 U.S. 308,319. Therefore, we overrule the second assignment of error.
 {¶ 21} Appellee's cross-appeal contends that the court deprived him of procedural due process by failing to conduct the full hearing on the petition for a civil protection order in a timely fashion. He also claims he was deprived of procedural due process when the court reinstated the ex parte protection order after the interim judgment entry expired. Finally, he claims the court erred by refusing to vacate the entry reinstating the ex parte protection order. In light of our decision to affirm the judgment denying the petition for a civil protection order, these issues are all moot. Therefore, we overrule them.
Affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Calabrese, Jr., J. Concur.