{¶ 21} I concur with the majority opinion's disposition of respondent's second assignment of error concerning the scope of the protection order. However, I respectfully dissent from the majority's conclusion to allow the issuance of the civil protection order. I would reverse the trial court's decision on this issue.
 {¶ 22} In his first assignment of error, respondent-appellant, Randal J. Markowitz ("Randal"), argues that the trial court erred in issuing a protection order because there was insufficient credible evidence to support a finding that he had engaged in acts or threats of domestic violence.
 {¶ 23} Pertinent to this appeal, R.C. 3113.31(A)(1) defines "domestic violence" as: "the occurrence of one or more of the following acts against a family or household member: * * * (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section2903.211 or 2911.211 of the Revised Code."
 {¶ 24} The evidence presented before the magistrate demonstrated that Randal's actions did not amount to domestic violence because no threat of force existed to place petitioner-appellee, Tracy Rhinehart Markowitz ("Tracy"), in fear of imminent serious physical harm. The evidence shows that, on April 23, Randal arrived at Tracy's house to pick up the children for his scheduled visitation. When he arrived, Tracy handed him an envelope containing the car repair estimate. As the majority writer correctly notes, Randal threw the envelope at her and became angry when he realized that the children were not appropriately dressed for a dinner party. He yelled obscenities at Tracy and ordered the children to change their clothes. Tracy asked Randal to leave; however, he refused and wedged himself in the doorway. When she attempted to shut the door, Randal pushed the door, thereby striking Tracy with the door. Although Tracy was not injured, she testified that she was "terrified." Tracy called the police while Randal waited in his car. When the police arrived, Tracy declined to file charges against Randal, expressed no fear of imminent physical harm, and allowed the children to leave with Randal.
 {¶ 25} The testimony of Officer McGinnis demonstrates that Tracy was "upset," but she did not wish to file charges against Randal. Instead, she simply wanted Randal to leave with the children. McGinnis testified that he had no concerns after observing Tracy's physical condition.
 {¶ 26} I would find that Tracy failed to satisfy her burden of proving by a preponderance of the evidence that Randal committed an act of domestic violence. First, there was no evidence that Randal verbally threatened Tracy. There is ample evidence that he repeatedly yelled obscenities at Tracy; however, he did not verbally threaten her with bodily harm. Second, there was no evidence that Randal threatened Tracy with force which would have placed her in fear of imminent serious physical harm.
 {¶ 27} Serious physical harm, pursuant to R.C.2901.01(A)(5)(a)-(e) is defined as:
"any mental illness or condition of such gravity as wouldnormally require hospitalization or prolonged psychiatrictreatment; any physical harm that carries a substantial risk ofdeath; any physical harm that involves some permanent incapacity,whether partial or total, or that involves some temporary,substantial incapacity; any physical harm that involves somepermanent disfigurement or that involves some temporary, seriousdisfigurement; or any physical harm that involves acute pain ofsuch duration as to result in substantial suffering or thatinvolves any degree of prolonged or intractable pain."
 {¶ 28} I would find that Tracy did not satisfy her burden of proving that she was placed in fear of imminent serious physical harm as defined above. Although Tracy testified that she believed Randal was going to strike her, that does not amount to "serious physical harm." Officer McGinnis testified that, although she appeared upset, he had no concerns after observing her physical condition. Moreover, the fact that she declined to press charges against Randal and wanted him to leave with the children further demonstrates that neither Tracy nor the children were placed in fear of imminent serious physical harm.
 {¶ 29} I find the instant case closely analogous to Wolf v.Rosson, Cuyahoga App. Nos. 84603 84650, 2005-Ohio-1174. InWolf, this court upheld the trial court's denial of petitioner's motion for a domestic violence civil protection order because the threats and warnings directed at the petitioner did not create a reasonable fear of imminent serious physical harm. The court concluded that respondent's threats to "take you down" and a warning that "from now on you better look over your shoulder" did not threaten any immediate action or threaten the petitioner with physical harm.
 {¶ 30} Although threats of violence may constitute domestic violence for the purposes of R.C. 3113.31, the fear resulting from those threats must be reasonable. Eichenberger v.Eichenberger (1992), 82 Ohio App. 3d 809, 815, 613 N.E.2d 678. The reasonableness of the fear felt by the petitioner should be determined with reference to the history with the respondent. Id. at 816.
 {¶ 31} As in Wolf, the record in the instant case does not include any prior history of physical violence. Moreover, no evidence was presented showing that Tracy had previously been placed in fear by Randal's actions, or that Randal made any threats of violence against her. The only incident that occurred prior to the April 23 incident at Tracy's home occurred nine days earlier when Randal punched the rear quarter panel of Tracy's car as she drove away. However, Tracy never stated that she was fearful when Randal struck her car. In fact, the evidence supports that she was not fearful because she called the police only after realizing the car had been damaged, and she personally handed him the estimate for the needed repairs on April 23.
 {¶ 32} Although Randal's actions on April 14 and 23 were clearly inappropriate, they do not constitute domestic violence. Therefore, I would find that the trial court erred in finding that Tracy proved by a preponderance of the evidence that Randal committed an act of domestic violence warranting the issuance of a civil protection order. I would reverse the trial court's decision granting the civil protection order.